BERTHA EPSTEIN, *Appellant*, v. THE CITY OF CANEY,
*Appellee.*

No. 17,521.

SYLLABUS BY THE COURT.

1. APPEAL—*Decision of Householders—Approval of Appeal
Bond.* Under section 1399 of the General Statutes of 1909,
providing that appeals may be taken from the decision of
householders appointed by a city to appraise damages oc-
casioned by the opening of an alley, in the same manner and
within the same time as from judgments of a justice of the
peace, the householders may take, approve and certify an ap-
peal bond tendered within due time after the filing of their
report.

2. ———— *Same.* The validity of such a bond is not affected
because immediately upon the filing of their report, which was
accepted by the city council, the householders were "dis-
charged," or because the bond was not approved by or filed
with the city clerk, or because the householders did not ob-
serve the formality of assembling together as an organized
body to approve the bond.

3. ———— *Same.* Query, whether such a bond would not also be
good if taken by the city clerk.

Appeal from Montgomery district court. Opinion
filed June 8, 1912. Reversed.

*O. P. Ergenbright,* for the appellant.

*S. H. Piper,* and *George H. Wark,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The city appointed householders to ap-
praise the damages occasioned by the opening of an
alley. On November 2, 1907, they filed their report,
awarding damages to the plaintiff in the sum of $412,
whereupon a resolution of the council was adopted ac-
cepting the report and discharging the appraisers.
The plaintiff desired to appeal under the statute pro-
viding that "appeals may be taken to the district court
from the decision of such householders in the same

manner and within the same time as from judgments of a justice of the peace." (Gen. Stat. 1909, § 1399.) On November 4 she presented to the householders a proper bond, which they approved and certified and which was filed in the district court on November 6. The district court dismissed the appeal because the bond was not approved by and filed with the city clerk and because the bond was not presented to and approved by the householders jointly as a tribunal.

The statute does not require the bond to be presented to, approved by and filed with the city clerk, and prescribes no method of procedure other than that stated. Under these circumstances the court is of the opinion that the course pursued was sufficient to effectuate an appeal. The householders stood in the position of a justice of the peace who had rendered a judgment from which the plaintiff desired to appeal. In such a case the justice would approve the bond and certify it to the district court, as was done here. The resolution of the council relieving the householders from further duties as appraisers did not affect their statutory function as "a justice of the peace" in the matter of the appeal. The court is not prepared to say that the appeal would not have been effected if the bond had been approved by and filed with the city clerk, following the analogy of appeals from the decision and report of condemnation commissioners appointed by a county board. The right of appeal is clearly guaranteed and ought not to be defeated because the procedure is not clearly indicated. When the city is secured by a good bond, which is introduced in good faith into the proceeding and is approved and preserved by officials having to do with the conduct of it, all the demands of substance have been met. On the same ground the court holds that the bond is not void because the householders were not assembled together as an organized body when they attached their signatures to the approval endorsed on the instrument.

Machinery Co. v. Smith.

The amount in controversy in the district court and in this court is the damages occasioned by the appropriation of the plaintiff's land. The plaintiff's claim is for all the appraisers allowed and more, consequently the record shows that this court has jurisdiction of the appeal.

The judgment of the district court is reversed and the cause is remanded for further proceedings.